# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **KEVIN DEVON MCCORMICK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 1:09CV911** |
| ) | |
| **RICHARD BURCHFIELD, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Kevin Devon McCormick filed this civil action pursuant to 42 U.S.C. § 1983 on November 24, 2009. As Defendants, he named the Hoke County Sheriff's Department, Richard Burchfield, John C. Pierce, and Manuel Rucker. The individual Defendants are identified by Plaintiff as detectives with the Hoke County Sheriff's Department. Plaintiff's central allegation is that the three detectives gave perjured testimony to a grand jury and tampered with evidence. Plaintiff states that as a result of Defendants' action, he faces criminal charges.

Defendants have now moved to dismiss the complaint of Plaintiff McCormick. Defendants point to the court records in *United States v. McCormick*, 1:08CR263-1 and 1:08CR257-1 (M.D.NC. filed July 28, 2008). In those criminal cases in this court, Plaintiff McCormick was charged with two counts of possession with intent to distribute crack

cocaine and one count of possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)(1). In the criminal actions, Plaintiff filed a document entitled "Motion to Dismiss for Perjury to Grand Jury." (Docket No. 26 in '263; Docket No. 24 in '257). Therein, he alleged that Burchfield, Pierce, and Rucker commuted various illegal and unconstitutional acts that justified dismissal of the criminal charges against him. His allegations in his motion coincide with the claims made in this civil action. On June 3, 2009, Plaintiff McCormick pled guilty to a criminal charge against him in the '263 action pursuant to a plea agreement. (Docket No. 50 in '263; Docket No. 46 in '257.)

On the basis of the facts set out above, the Court finds that this civil action must be dismissed at this time. Under the teaching of *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff cannot bring the civil claims he attempts here unless and until he can first demonstrate that the criminal conviction implicated by his civil claims has been set aside or reversed, or he has been permitted to withdraw his guilty plea. In this case, a judgment in favor of Plaintiff McCormick on his civil claims would necessarily imply the invalidity of his criminal conviction, in contravention of the procedures mandated in *Heck*. Under *Heck*, Plaintiff's civil claims cannot proceed at this time.

Accordingly, **IT IS RECOMMENDED** the Defendants' motion to dismiss (Docket No. 10) be granted, and that this action be dismissed without prejudice to its renewal upon a showing by Plaintiff that his related criminal conviction has been set aside.

This the  16th  day of February, 2010.

                     /s/ P. Trevor Sharp            
United States Magistrate Judge